M. P. PACE, Appellant, v. B. F. HEINLEY, Executor, Appellee.

Trial to Court : FINDINGS: PRACTICE IN SUPREME COURT: WAIVER OF ERRORS.

*Appeal from Muscatine District Court.*—HON. W. F. BRANNAN, Judge.

MONDAY, MAY 16, 1892.

THIS action is founded on a claim against the estate of Joseph Heinley, deceased. The right to recover depends upon the alleged breach of a written contract entered into between the plaintiff and said Joseph Heinley. There was a trial before the court without a jury, and the claim of the plaintiff was not allowed as a claim against the estate. The plaintiff appeals.—*Affirmed.*

*Cloud & Doran,* for appellant.

*Jayne & Hoffman,* for appellee.

ROTHROCK, J.—I. The written contract upon which the claim is founded is in these words: "This article of agreement, made and entered into this thirtieth day of June, A. D. 1885, by and between Joseph Heinley and M. P. Pace, witnesseth that said Heinley agrees to furnish said Pace forty cows for breeding purposes. Said cows are now in the pasture of said Heinley, in Sweetland township, Muscatine county, Iowa. Said cows are to remain in said pasture for said purpose during the months of July, August and September, A. D. 1885, and said Heinley further agrees to deliver to said Pace all calves that may be raised by said cows during the season of 1886, for the price of fifteen dollars per head. Said Heinley further agrees to let said calves run in pasture with the cows

until the calves are four months old. Said Heinley agrees to furnish cows that are not less than two or more than ten years old, and cows that are now with calf. He further agrees to take good care of both cows and ·calves until the calves are delivered. And the said Pace agrees to keep a good bull in the pasture with said cows during the said three months above mentioned, and to use all care and diligence to get said cows with calf, and to take all of said calves at the age of four months, and agrees to pay therefor the sum of fifteen dollars per head, to be paid when said ·calves are delivered.''

It is claimed by plaintiff that he furnished a thoroughbred Hereford bull, and put him in the pasture to serve the cows, and that Heinley did not put forty cows in his pasture, as he was required to do, and that some of the cows he did furnish were not such as contracted for, and that by reason of these and other delinquencies of said Heinley there were but twenty-one calves produced which were sired by the plaintiff's bull. The case was fully tried upon its merits, and the court found that the plaintiff was not damaged by the alleged failure of Heinley to comply with the contract. A large number of witnesses were examined, and the case turned upon questions of fact alone. We do not set out the evidence in detail in such cases. The case is not here for trial anew. It is a proceeding at law, and the findings of the trial court have the force and effect of a verdict by a jury. Under the well-known rule applicable to appeals in such cases we have no hesitancy in holding that the conclusion reached by the district court is amply sustained by the evidence.

II. The defendant filed a counterclaim, and demanded judgment against the plaintiff for alleged failure to comply with the contract. The court did not entertain the counterclaim, and made an order that each party should pay his own costs. The defendant complains of the disposition of his counterclaim. But the record does not show that he appealed, and he must be regarded as having acquiesced in the judgment of the district ·court. AFFIRMED.