JOHN SCHARFFBILLIG *vs*. JOHN JOSEPH SCHARFFBILLIG.

Submitted on briefs Oct. 4, 1892. Decided Nov. 23, 1892.

**Money Voluntarily Paid cannot be Recovered.**

Where a party is in possession of land claiming title thereto adversely, and in hostility to the true owner, and pays taxes thereon as owner, he cannot, after judgment of *ouster* against him, recover the amount so paid, or the consideration of the deed under which he claims, of the prevailing party, in a personal action against the latter.

Appeal by plaintiff, John Scharffbillig, from an order of the District Court of Ramsey County, *Otis, J.*, made May 10, 1892, sustaining a demurrer to the complaint.

The plaintiff was in possession of twenty acres of school land in Ramsey county from October 18, 1864, to August 28, 1886, supposing he had good title to the whole of it. On the day last named a judgment was rendered in an action then pending in said District Court that defendant John Joseph Scharffbillig owned a certain five acres of the land, and that this plaintiff had no title to that part of it. This plaintiff had paid the taxes and the interest on the school land certificate on the whole twenty acres for those twenty-two years, and on June 1, 1886, he paid the state $212.50, the balance of the purchase price of the twenty acres. Having lost five acres of the land he brought this action to recover of the real owner one-fourth of the taxes, interest and purchase money so paid to the state, claiming the action is given by 1878 G. S. ch. 11, § 103, and also that the payments were made for defendant's benefit under mistake of fact.

*Alva Hunt*, for appellant.

*F. G. B. Woodruff*, for respondent.

VANDERBURGH, J. The plaintiff alleges that he was in possession of the land described in the complaint for several years, claiming title thereto as owner. During this time he paid the taxes levied thereon for those years. But, in an action brought by the defendant to contest his title, it was finally adjudged and determined that the plaintiff was not the owner or entitled to the possession, but that

the defendant was entitled to the same. He alleges that he paid the taxes through mistake, in the full belief that he was the owner of the land, and by his complaint he seeks to recover the same of defendant.

Upon the facts stated the action cannot be maintained. The taxes were voluntarily paid by plaintiff as owner, and at his own risk. It is possible he might have enforced his claim thereto upon a proper showing, under the occupying claimant's act, but not in this action. He held the land adversely, and there was no privity between the parties. The taxes were not paid by him as occupant under the defendant, or by the consent, express or implied, of the latter, but to protect his own interest as an adverse claimant. The statute (1878 G. S. ch. 11, § 103) was obviously not intended to apply to such a case.

2. The second cause of action is equally untenable. Plaintiff, it appears, claimed under a school-land certificate, and he seeks to recover of the defendant the consideration money paid by him to the state; but it does not appear what the nature of defendant's title was, or how derived, or that the money paid was paid for his benefit. It stands on the same footing as the claim for the taxes.

The demurrer was properly sustained.

Order affirmed.

(Opinion published 53 N. W. Rep. 713.)