### D. J. FALVEY v. BOARD OF COUNTY COMMISSIONERS OF HENNEPIN COUNTY.

76 257
176 380

May 17, 1899.

Nos. 11,510—(84).

**Taxes—Voluntary Payment—Recovery.**

In 1894 the state board of equalization illegally increased the valuation of plaintiff's land, thereby increasing the amount of the taxes assessed against it for 1894 and 1895. On April 6, 1896, the plaintiff, under protest, but with full knowledge of all facts, paid the full amount of the taxes, as assessed, for both years. *Held,* that the payment was voluntary, and no action will lie to recover the illegal part of the taxes.

**Voluntary Payment—G. S. 1894, c. 11.**

The provisions of our tax law relating to the enforcement of real-estate taxes considered, as bearing upon the question whether a payment of such taxes is voluntary.

Action in the municipal court of Minneapolis to recover $91.68, the amount of taxes alleged to have been paid under duress. From an order, Holt, J., overruling a demurrer to the complaint, defendant appealed. Reversed.

*Louis A. Reed,* County Attorney, for appellant.

A voluntary payment of an illegal and void tax cannot be recovered. Smith v. Schroeder, 15 Minn. 18 (35); Shane v. City of St. Paul, 26 Minn. 543; De Graff v. County of Ramsey, 46 Minn. 319; Custin v.

76 M.—17

City, 67 Wis. 314; Joannin v. Ogilvie, 49 Minn. 564; Railroad Co. v. Commissioners, 98 U. S. 541; Forbes v. Appleton, 5 Cush. 115; 2 Desty, Taxn. 788; Elliott, Mun. Corp. § 294; Cooley, Taxn. 566; Babcock v. City, 58 Wis. 230. To maintain an action for recovery of the payment of a void tax, payment must have been made under direct or immediate compulsion or duress, and under such circumstances that the person so paying could save his property only by so doing. Elliott, Mun. Corp. § 296; Railroad Co. v. Commissioners, supra; Preston v. City, 12 Pick. 7; 2 Dillon, Mun. Corp. § 944; De Graff v. County of Ramsey, supra; Joannin v. Ogilvie, supra; Shane v. City of St. Paul, supra. To constitute duress, some overt act is necessary, and the mere issue of a tax warrant to collect is not duress. Railroad Co. v. Commissioners, supra; Merrill v. Austin, 53 Cal. 379; De Baker v. Carillo, 52 Cal. 473; Powell v. Board, 46 Wis. 210; Williams v. Corcoran, 46 Cal. 553, 556; Shane v. City of St. Paul, supra; Barrett v. City, 10 Allen, 48; Conkling v. City, 19 Ill. App. 167. Where an illegal demand is made, and the law furnishes a remedy, payment, if made without availing oneself of the protection furnished by the law, is deemed to be voluntary. De Graff v. County of Ramsey, supra; Powell v. Board, supra; Shane v. City of St. Paul, supra.

The taxes for 1895 were not delinquent, and the payment was for this reason voluntary. Merrill v. Austin, supra; De Baker v. Carillo, supra; Conkling v. City, supra; Barrett v. City, supra; Forbes v. Appleton, supra; Railroad Co. v. Commissioners, supra. See State v. Alta (Nev.) 51 Pac. 982. If the sale for the 1894 taxes would have cast a cloud on plaintiff's title, he had an adequate remedy by action to remove the same, and the payment was therefore voluntary. Powell v. Board, supra; Shane v. City of St. Paul, supra.

Where there is no legal compulsion or coercion, the character of a payment is not affected by protest. Fleetwood v. City, 4 Sandf. 475; Brumagim v. Tillinghast, 18 Cal. 265, 269; Railroad Co. v. Commissioners, 98 U. S. 541; Shane v. City of St. Paul, supra. Judgment in a tax proceeding is an adjudication that the tax is valid. County of Chisago v. St. Paul & D. R. Co., 27 Minn. 109; Chauncey v. Wass, 35 Minn. 1; Butterfield v. Smith, 101 U. S. 570; Wallace v. Brown, 22 Ark. 118. Payment of the 1894 tax, therefore, cannot be

recovered till the judgment be set aside. The municipal court had no jurisdiction. 10 Am. & Eng. Enc. 700; 2 Beach, Pub. Corp. § 1287; Yates v. Lansing, 9 Johns. 395, 417.

*C. H. Rossman*, for respondent.

Where a threatened sale of land for delinquent taxes will create a cloud on title, the owner may, on payment of the amount under protest, recover the same. Valentine v. City of St. Paul, 34 Minn. 446; State v. Nelson, 41 Minn. 25; American Baptist M. U. v. Hastings, 67 Minn. 303; Bruecher v. Village, 101 N. Y. 240; Mills v. City (Ky.) 11 S. W. 776; Montgomery v. Cowlitz, 14 Wash. 230; Board v. Kansas, 4 Kan. App. 772; Atchison v. Board, 47 Kan. 722; Whitney v. City, 88 Mich. 268; Winzer v. City, 68 Iowa, 279; Thomas v. City, 69 Iowa, 140; Parcher v. Marathon, 52 Wis. 388; Westlake v. City, 77 Mo. 47; Galveston v. County, 54 Tex. 287; Union v. City, 82 N. Y. 351; Seeley v. Town, 47 Conn. 294; Guy v. Washburn, 23 Cal. 111; Stephan v. Daniels, 27 Oh. St. 527. The payment of the 1895 taxes to avoid the penalty was involuntary and can be recovered. Allen v. City, 45 Vt. 202; Western v. Mayer, 28 Oh. St. 521; Thompson v. City, 114 Mich. 502; Robertson v. Frank Bro. Co., 132 U. S. 17; Union v. Mayor, 51 N. Y. 638. The municipal court had jurisdiction. Laws 1888, c. 161, § 2. An action for money had and received lies to recover illegal taxes, paid under protest. Valentine v. St. Paul, supra. When taxes are void for want of jurisdiction to levy them, an action for money had and received may be maintained without first bringing an action to vacate and set aside the assessment. Aetna v. Mayor, 153 N. Y. 331; Mutual v. Mayor, 144 N. Y. 494.

MITCHELL, J.

This was an action brought in the municipal court of Minneapolis to recover an illegal and void real-estate tax paid under alleged duress of property.

It was doubtless suggested by the decision of this court in State v. Empanger, 73 Minn. 337, 76 N. W. 53; the alleged illegality of the tax growing out of the fact that the state board of equalization, in 1894, increased the valuation of acre property in the village of St. Louis Park 50 per cent., without making any increase in the valua-

tion of land in the village which had been platted in lots. The taxes for the years 1894 and 1895 were assessed on the basis of this increased valuation, thereby increasing the taxes on plaintiff's land one-third, and this action was brought to recover this excess. The taxes for both years were paid by plaintiff on April 6, 1896. The further allegations of the complaint are as follows:

"That the above taxes on said property for the year 1894 became due and payable on the first Monday of January, 1895, and became delinquent on the first Monday of January 1896, and all of said property became liable to sale for the nonpayment of the taxes thereon for the said year 1894 on the first Monday of May, 1896; that the taxes on said property for the year 1895 became due and payable on the first Monday of January, 1896, and unless the same were paid prior to the first day of June, 1896, the amount for which said property would become liable for the nonpayment of said taxes before said first day of June, 1896, would * * * be increased by the addition of a ten per cent. penalty; * * * in order to avoid said increased burden, to wit, said penalty of ten per cent. on the amount of said taxes for said year 1895, and in order to avoid the sale of said property for the nonpayment of the taxes thereon for the year 1894, which would take place as aforesaid, and would become a cloud against plaintiff's said property, this plaintiff paid to the county treasurer of said Hennepin county the full amount of said taxes, as shown by said treasurer's books * * * and then and there duly protested the payment of one-third thereof, * * * and only paid the same to avoid the penalty that would become due on the 1895, and the sale of said property for the non-payment of said property taxes for the year 1894, all as above stated."

There is further allegation that the plaintiff had no knowledge of the action of the state board of equalization "until just prior to the payment of said taxes as aforesaid." To this complaint a demurrer was interposed, on the grounds (1) that it did not state a cause of action; (2) that the court had no jurisdiction of the subject of the action. From an order overruling the demurrer, the defendant appealed.

1. The complaint states no cause of action. The facts alleged constitute a voluntary payment of the taxes, and furnish no ground for recovering the illegal portion of them.

In considering this question, regard must be had to our laws for the enforcement of real-estate taxes. Such taxes do not constitute

a liability against the person of the owner of the property, but merely a claim against the land. The proceedings to enforce payment are not in pais, as in most jurisdictions, but a judicial proceeding in the nature of an action in court, in which the owner, or any person having any interest in the land, may interpose an answer, setting forth any objection or defense which he may have to the taxes and penalties or any part thereof. Upon the trial of the issues raised by such objections or defense the court may sustain the taxes, or sustain the objections or defense, in whole or in part, and render judgment accordingly. The judgment thus rendered is final and conclusive, except upon the questions whether the taxes had been paid before judgment or whether the land was subject to taxation. The court has power, in its discretion, for good cause shown, to open a real-estate tax judgment at any time before the expiration of the period of redemption (three years), and allow any defense to be interposed that might have been interposed before the entry of judgment.

To permit a person to ignore the remedies given by statute against illegal real-estate taxes, pay them with knowledge of all the facts, and then recover them by suit, would be inconsistent with and subversive of our entire tax law, and, if permitted after judgment, would be a mere evasion of its provisions as to the finality and conclusiveness of the judgment. The taxes for 1895 were not yet delinquent, and hence no proceedings to enforce their collection had been commenced, much less any judgment rendered against the land. The plaintiff's remedy (and it was ample) was to interpose his objection or defense to the tax when proceedings were instituted to obtain judgment. It does not appear whether judgment had been rendered for the taxes for 1894. If not, his remedy was the same as to them. If it had, his only remedy was to apply to the court to open the judgment, and permit him to interpose his objection or defense. The facts alleged do not in law constitute duress or compulsion. The plaintiff had not been, and was in no danger of being, disturbed in his possession. He would not have jeopardized his property by not paying the taxes at that time. No irreparable injury could have resulted from his not paying them. He had ample time in which to avail himself of his legal remedies or de-

fenses. His payment of the taxes when he did was a matter of choice, and not of compulsion. He paid with full knowledge of all the facts. A threat to bring a suit does not constitute duress merely because it will subject the party to costs in case he is beaten. There being no compulsion or coercion, the character of the payment was not affected by his protest.

We have examined all the decisions of this court cited by counsel, and find that all of them are clearly distinguishable from the one at bar. Decisions from other jurisdictions are not very much in point, because of the differences already referred to between their laws and ours in relation to the enforcement of taxes on real estate.

Our conclusion is that the court below erred in overruling the demurrer on the first ground.

2. There is no merit in the second ground of demurrer, viz. that the court had no jurisdiction of the subject of the action. While the action involved important questions of law, it was purely one at law for the recovery of money where the amount in controversy did not exceed $500. Of such actions the municipal court of Minneapolis had jurisdiction.

Order reversed.