PETER KELLEY, Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILROAD Co., Appellees.

**Quieting title:** MODIFICATION OF DECREE ON APPEAL: FAILURE TO FILE
1 *procedendo*: EFFECT. Where the court in an action to quiet title found and ordered that plaintiff was the owner of the property,

that defendant had no interest under his tax deed and ordered that it be canceled, but the appellate court filed an opinion, simply, requiring plaintiff to redeem from the tax deed, but no *procedendo* was filed in the district court for over ten years thereafter and no decree was ever entered in conformity therewith; *Held,* that the defendant did not acquire title by reason of plaintiff's failure to redeem within the ten years; as the only decree in the case was that of the district court, which was adverse to the defendant, and the plaintiff was never required by any judgment to redeem.

**Judgments:** *Res judicata.* The opinion of any court is not a judgment conclusive upon the parties, and when there is a variance between the opinion and the decree actually entered the decree controls. So that where the appellate court simply remands a cause for decree in conformity with its opinion, and no judgment is ever entered in the district court conforming thereto, the only judgment in the case is that originally entered in that court and appealed from.

**Same:** ADVERSE POSSESSION. Title by adverse possession can only be predicated upon actual, continuous and hostile possession; and even then it will not avail where there was an adjudication against the party that he had no title, as in this case, although it be conceded that the decree was not final until disposed of on appeal.

**Taxes:** VOLUNTARY PAYMENT: RECOVERY. Where it has been adjudicated that a party has no title to land he can not make the true owner his debtor by voluntarily paying the taxes on the property and then recover judgment against him therefor.

**Quieting title:** JUDGMENT: COSTS. In this action to quiet title defendant offered to redeem from plaintiff's tax deed if the court so ordered, and the court found that plaintiff was entitled to a decree requiring redemption, fixed the amount necessary to redeem and recited that the amount had been deposited with the clerk, but it appeared on appeal that no such deposit had been made. *Held,* that plaintiff was entitled to a judgment for the amount required to redeem; and upon a finding that defendant was entitled to have his title quieted upon making redemption, which claim was resisted by plaintiff, that plaintiff should be taxed with the costs.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

TUESDAY, FEBRUARY 13, 1912.

SUIT in equity to quiet plaintiff's title to a certain lot in the city of Keokuk. Defendant pleaded the statute of limitations; adverse possession; that plaintiff's title was based upon a void tax deed; that the matters in issue had already been adjudicated adversely to plaintiff in another action between the same parties; and that plaintiff has no right whatever in and to the property and no claim upon defendant except perhaps to require it to redeem from a tax sale. Defendant also filed a cross petition against plaintiff, asking that its title be quieted as against plaintiff's tax deed, and in this cross petition it made the following allegations: "Defendant further states that it hereby tenders to William Ballinger or to plaintiff, or to whomsoever this court may direct, any amount which this court may find is due from this defendant, if any, to redeem from the tax sale for the state and county taxes against said lot 1 in block 8 in Keokuk, Lee county, Iowa, for the year 1884, and subsequent taxes, and hereby tenders such sum as the court may find necessary to redeem from said sale of 1885 to said William Ballinger, if the court should find that this defendant should redeem from said sale." In his reply to defendant's answer and cross petition, plaintiff, among other things, pleaded a former adjudication, and asked that his titled be quieted, and he also pleaded the statute of limitations against defendant's right to redeem. Upon the issues thus tendered and the testimony adduced, the trial court refused to quiet title in plaintiff, and found and decreed "that the defendant has tendered and deposited with the clerk $41.50, the amount the court finds necessary to redeem said lot from the tax sale of 1885, with interest and penalty to this date; that defendant is entitled to have the title to said lot on his cross petition quieted against any claim of the plaintiff, and it is ordered that the title to said lot be quieted in defendant, with costs taxed at $——— against plaintiff." Plaintiff appeals.—*Modified and remanded.*

*B. F. Jones* and *Bernard A. Dolan,* for appellant.

*Hazen I. Sawyer,* for appellee.

DEEMER, J.—The record in the case is long and the issues and facts so obscured and complicated that it is difficult to state them with any degree of clearness.   When re-

1. QUIETING
TITLE: modi-
fication of
decree on ap-
peal: failure
to file *pro-
cedendo*: ef-
fect.

duced to its last analysis, the questions for decision, if we understand them, are few and comparatively simple.   The whole matter turns upon a decree entered by the district court of Lee county, Iowa, on December 26, 1895, in an action brought by this defendant against the plaintiff herein to quiet its title to the lot now in controversy.   That decree found and ordered . . . "that plaintiff is the absolute and unqualified owner of said lot; such ownership being in fee simple free from any lien, claim, right, title, or interest of Peter Kelley or any of the defendants herein; that the tax deed held by Kelley upon said lot be set aside, annulled, and canceled, and that Peter Kelley had no right under and by virtue of a certificate of sale for taxes upon said lot; that plaintiff is entitled to the absolute and unconditional possession of said property, and that there issue out of this court a writ, authorizing the sheriff to remove all persons upon said lot and place the plaintiff in possession of same.   That plaintiff have and recover of Peter Kelley the costs of this proceeding taxed at $————, and that execution issue therefor after ten days."   From that decree defendant therein appealed to this court, and upon a hearing here the decree was sustained with a modification as shown by the opinion filed in the case April 8, 1898, reported in 105 Iowa, 111, reading as follows: "The plaintiff tendered the amount paid by Ballinger at the tax sale, with interest and penalties, and these it will be required to pay in order to redeem.   With this modification the decree will be affirmed."

The only entry made upon the records of this court reads as follows: "In this cause the court, being fully advised in the premises, file their written opinion affirming the judgment of the district court. It is therefore considered by the court that the judgment of the court below be and it is hereby modified, and the cause is remanded for further proceedings in harmony with the opinion of this court, and that a writ of *procedendo* issue accordingly. It is further considered by the court that the appellee pay the costs of this appeal, taxed at $———, and that execution issue therefor."

No *procedendo* was issued or called for until some time in August of the year 1906; but on the 30th of that month one was issued over the hand and seal of the clerk of this court, directed to the district court of Lee county, which contained the following citations and order: "Whereas the supreme court of said state being lately certified of the record and proceedings in a certain cause which was in said district court, wherein Chicago, B. & Q. Ry. Co., plaintiff, and Peter Kelley et al., appellants, defendants, wherein there was an appeal from the order and judgment rendered in the district court to the supreme court, and the said court having duly examined the record and proceedings aforesaid, in the premises, at Des Moines, in said state, on the 8th day of April, 1898, did modify and affirm the judgment aforesaid, as rendered in the court below, . . . and order further proceedings to be had in said court, not inconsistent with the opinion of the supreme court. Therefore, you are hereby commanded that, with the speed which of right and according to law you may, you proceed in the manner required by law and in harmony with the opinion in this court, anything in the record or proceedings aforesaid heretofore certified to the contrary notwithstanding." This *procedendo* was evidently sent to the attorney for Kelley, and he had possession thereof until during the trial of this case, when it was

produced and filed with the clerk of the district court on March 11, 1909. Even then no change was made in the original decree entered by the district court of Lee county in December of the year 1895. In entering its decree in the present case the trial court evidently took notice of this *procedendo,* and made its final decree accordingly. At this point we may say that no final decree was ever entered in this court in the original action, and that as a matter of fact the original decree has not down to this date been modified by the Lee county district court.

Acting, no doubt, upon the assumption that there was a final decree in the original action, either in this court or the district court, requiring the defendant herein to redeem and that the defendant failed to make this redemption, plaintiff herein commenced this suit to quiet his title against the defendant on the theory that, as it did not redeem, his title became absolute within ten years at most from the time of the filing of the opinion in this court in the appeal taken of the original case. Plaintiff's claim, of course, must be bottomed upon the decree in the other case, and defendant is bound by whatever the decree is found to have decided on all questions which might have been settled in that litigation. From the record of the original case it is apparent that the decree actually entered is binding upon both parties as to all matters in issue or which might have been litigated in that action.

In determining the effect of the decree as originally entered in the district court of Lee county, we may and should go to the pleadings to see what was actually decided; and in doing so we find it was adjudicated that the railroad company was the fee owner of the property, and that Kelley had no right whatever to the possession thereof. It was also found that the tax deed under which he claimed title was void as against the railroad company. Upon appeal this court in its opinion held that Kelley's tax title under which he claimed was not absolutely void,

but that, as against the railroad, he could claim nothing except that the railroad company be required to redeem from the tax sale. That opinion did not pass into a decree in this court, nor was the decree in the district court ever modified pursuant to the direction of this court. In so far as any valid decree is concerned, plaintiff was adjudged to have no right, title, or interest in or to the property in question, and he was not entitled even to have redemption made by the railroad company.

It is well settled, of course, that the opinion of this court is not a judgment, and it is equally well settled that the judgment or decree of any court controls the written

2. Judgments: opinion, and, if they are at variance, the
   res judicata. decree actually entered is binding, and determines the rights of the parties. *Goodenow v. Litchfield,* 59 Iowa, 226; *Cooley v. Smith,* 17 Iowa, 99. The opinion filed on the appeal in the original case did not direct that a decree be entered here; nor did either party demand it. On the contrary, the record entry made here was of a remand to the district court for further proceedings in harmony with the opinion, so that there never was any final decree in this court.

There were no further proceedings in the district court, and no *procedendo* from this court was ever filed there until the trial of this case. So that the only final decree ever entered save the one in this case is in the district court of Lee county, and this cut off all of Kelley's rights in and to the property. These propositions seem clear enough, although plaintiff's counsel cite some cases which they claim hold to the contrary, among them *Mahaffy v. Farris,* 144 Iowa, 226; *Pace v. Heinley,* 85 Iowa, 733; *Frost v. Parker,* 65 Iowa, 178; *Clayton v. Sievertsen,* 115 Iowa, 687. None of these cases are in point, as an examination will show.

With the full record before it, however, the trial court awarded to plaintiff the sum of $41.50, which it found had

been paid into court by the defendant, and taxed the costs to the plaintiff.  As to this part of the order more hereafter.

Plaintiff contends, however, that since the original decree was passed in the court below, he has been in actual, hostile, and adverse possession of the property, and is en-

3. SAME: adverse possession.

titled to a decree because of that fact.  The record does not sustain this claim.  As a matter of fact, he has not been in the actual, continuous, and hostile possession of the property for ten years immediately prior to the commencement of this suit.  Even if he had been, there was an adjudication against him that he had no title, and this, even if we concede that it did not become final until the disposition of the appeal in this court, was sufficient to bar his claim of adverse possession. Moreover, whatever possession he may have had was fitful and irregular, while defendant was constantly in the actual possession of a part, if not the whole, of the lot during the entire time.  Manifestly plaintiff is not entitled to a decree on this theory.

But he insists that he should have had judgment for the taxes paid by him since the original decree was rendered.  The difficulty with this, under the record, is two-

4. TAXES: voluntary payment: recovery.

fold.  In the first place, he had been adjudged to have no title and the title had been decreed to be in the defendant.  Surely he could not make the true owner his debtor by voluntarily paying the taxes.  Again, the record shows that for the years in question defendant paid all taxes properly levied against the property.  The statute of limitations does not apply to all of this claim, but doubtless does to a part of it.

Finally, it is insisted that the decree passed by the trial court is erroneous because plaintiff was not given judgment against the defendant for the sum of $41.50, and further erroneous because the costs were taxed to plaintiff. The recitation in the decree that the amount necessary to

be paid in redemption had been deposited with the clerk

is erroneous, and there was no proof of a

5. QUIETING
TITLE: judg-
ment: costs.

valid tender. The record does show, however, that in an amendment to its answer and cross-petition filed on the same day that the *procedendo* from this court was filed with the clerk, and introduced in evidence in this case, defendant made the tender or offer heretofore copied in the statement of the case preceding the formal opinion. As the trial court found that plaintiff was entitled to a decree requiring defendant to redeem from the original tax sale, and as defendant offered to make such redemption if the trial court so decreed, and as defendant has not appealed from the final decree from which this appeal was taken, we think, in view of the fact that there was no money deposited with the clerk as the decree recites, and of the further fact that the amount to effectuate redemption was determined, that plaintiff should have had judgment for this amount against the defendant with interest from the date of the original decree, to wit, March 1, 1910. In the prayer of its cross-petition defendant asked the following relief: "Wherefore, this defendant prays for decree of this court permitting it to redeem from the tax sale of said lot to William Ballinger for the state and county taxes for the year 1884, and that defendant may have a decree removing the cloud on its title to said lot by reason of any claim of right, title, or interest by plaintiff, and that its title in and to said lot 1, block 8, in Keokuk, Lee county, Iowa, be quieted in this defendant, and for such other and further relief as to this court may seem equitable and just." This was resisted by plaintiff, and the question of defendant's right to redeem at all was challenged.

In view of the entire record, we think that the trial court should have entered the judgment already indicated, and that it was right in taxing the costs to plaintiff. The final decree should be modified so as to give plaintiff judg-

ment against defendant for the amount found necessary to effectuate the redemption, to wit, $41.50, with interest from March 1, 1910, and the case will be remanded for proceedings not inconsistent with this opinion. Plaintiff will pay three-fourths and defendant one-fourth the costs of this appeal.—*Modified* and *remanded.*