## BRADDOCK IRON MINING COMPANY AND OTHERS v. THOMAS ERSKINE, AS AUDITOR OF ITASCA COUNTY AND OTHERS.[1]

February 23, 1923.

No. 23,320.

**No injunction against distribution of money collected by alleged illegal tax.**
    1. *Held*, following Wall v. Borgen, 152 Minn. 106, 188 N. W. 159, that, where a tax can be enforced only in the manner and by the procedure provided by the general tax laws, those laws afford an adequate remedy if the tax is illegal, and a suit to enjoin the county officers from distributing the money collected by the alleged illegal tax cannot be maintained.

**When payment of illegal tax is voluntary.**
    2. In view of the remedies afforded the taxpayer for resisting enforcement of illegal taxes, payment of the tax before resorting to such remedies is a voluntary payment.

Action in the district court for Itasca county by 23 mining companies to enjoin the auditor and treasurer of that county from apportioning among the school districts of the county proceeds of real and personal property taxes levied against plaintiffs for the year 1921 under chapter 271, Laws 1919. Separate demurrers by defendants on the grounds that several causes of action were improperly united and that the facts stated did not constitute a cause of action were sustained, McClenahan, J. From the order denying plaintiffs' motion for a temporary injunction and sustaining the demurrers of defendants, plaintiffs appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellants.

*Alfred L. Thwing, R. A. Stone, J. T. Naughton* and *J. C. Henley,* for respondents.

[1]Reported in 192 N. W. 193.

HALLAM, J.

1. This is an action brought by 23 mining companies to enjoin the county auditor and treasurer of Itasca county, from apportioning and distributing among the school districts of the county, the proceeds of the so-called ten mill school tax levied, during 1921, on both real and personal property, under chapter 271, p. 282, Laws of 1919.

The complaint alleges that each of the plaintiffs separately owns property in the county, that each of plaintiffs owning personal property in the county paid its 1921 personal property tax before March 1, 1922, and each of plaintiffs owning real estate in the county paid the first half, and in some instances all, of its real estate taxes on or before May 31, 1922. It is alleged that said payments were made under protest.

At the time this action was commenced, there had been no apportionment made of the amount to be paid to the school districts. The ground on which such apportionment and distribution is sought to be enjoined is that the statute which purports to authorize the tax is unconstitutional.

This court has recently held in Wall v. Borgen, 152 Minn. 106, 188 N. W. 159, that, where a tax can be enforced only in the manner and by the procedure provided by the general tax laws, those laws afford an adequate remedy, if the tax be illegal because of invalidity of the law authorizing it, and a suit in equity to enjoin the levy of the tax cannot be maintained.

We are unable to distinguish this case from Wall v. Borgen. In that case, injunction against the levy was asked, and, in this, an injunction against the distribution. But this seems to us a distinction without difference in principle. We adhere to the ruling that the time to raise such objection is in the summary court procedure provided by statute for enforcement of payment of taxes.

2. The alleged protest when making payment was unavailing and did not change the procedure. In view of the remedy provided by statute, by which the taxpayer may resist payment of illegal taxes, payment of ordinary taxes before resorting to that remedy is considered voluntary and the taxpayer has no right to recover it back.

Falvey v. Board of Commrs. of Hennepin County, 76 Minn. 257, 79 N. W. 302.

The remark of the court in Wall v. Borgen in commenting on the case of Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390, that the automobile owner might pay under protest the wheelage tax and then sue to recover the tax, had reference to the drastic remedies for enforcement of that tax and was not intended to overrule the Falvey case.

Order affirmed. ·