[1] Reported in 208 N.W. 1000; 209 N.W. 939.
Appeal from an order of the district court of Hennepin county denying defendant's motion for a new trial. The cause involves a state of facts which are, in principle, so nearly identical with those in case No. 25,275, infra, page 253, as to fall within and be governed by the same laws. All that is said in that opinion applies to the situation here. The cause was submitted to the trial court on stipulation of fact.
Katharina Erhardt owned a certain tract of land within the city of Minneapolis. In August, 1907, she conveyed a part of such tract to the city and the Board of Park Commissioners thereof for park purposes. The deed contained a provision for exemption from special assessments for benefits which might thereafter be levied, under chapters 30 and 103 of the Special Laws of Minnesota for 1889, until the amount thereof equal $500 to the unconveyed part of said tract which was specifically referred to in the deed.[2] Thereafter the park board constructed a boulevard around Lake Calhoun and paved the same. The project was commonly known as "Calhoun Boulevard." Assessments were thereupon levied upon abutting property by commissioners appointed under the statute, which were included in the tax statements for the years 1922 and 1923. Plaintiff was then the owner of said tract and did not appear in the condemnation proceedings, not having any notice thereof. So far as the procedure under the condemnation statute is concerned, no question is made as to its regularity save alone the notice mentioned. The trial court allowed the exemption and directed that the county auditor forthwith change the tax rolls and records pertaining to the special assessments referred to by allowing plaintiff credit of $244.29 *Page 253 
upon such special assessments, and certify such change to the county treasurer. We think the trial court properly disposed of the matter.
Affirmed.
[2] Sp. L. 1889, p. 563, § 2.