# HANCE MAXWELL v. WALDRON HATHERLY.[1]

January 21, 1927.

No. 25,653.

**Effect of voluntary payment of taxes on another's land.**

1. A person cannot make the true owner of real property his debtor by voluntarily paying the taxes thereon.

**Amount of such payment cannot be recovered from owner in action at law.**

2. In a straight action at law, one who voluntarily pays taxes upon real estate owned by another cannot recover the amount of such taxes so paid from the owner of the land.

**Demurrer to complaint sustained.**

3. The complaint failed to state a cause of action against the defendant and the demurrer thereto was properly sustained.

Taxation, 37 Cyc. p. 1180 n. 66; p. 1188 n. 8.

Plaintiff appealed from an order of the district court for Kittson county, Grindeland, J., sustaining a general demurrer to the complaint. Affirmed.

*P. H. Konzen, Halvor Steenerson* and *Theodore F. Neils*, for appellant.

*R. V. Blethen*, for respondent.

QUINN, J.

In 1921 James Maxwell was the owner and in possession of the southwest quarter of section 12 and the defendant Hatherly was the owner of the southwest quarter of section 11 in the same township in Kittson county. Taxes were delinquent on Maxwell's quarter, amounting to $122.43. He directed his banker to remit the amount to the county treasurer in payment thereof. This was done and the treasurer received the check but through some mistake on his part,

[1]Reported in 211 N. W. 963.

or on the part of the banker, credited the same in payment of taxes on the defendant's quarter. The tax receipt was sent to Maxwell but he did not discover the error in the description.

Maxwell died intestate on September 1, 1924. On December 2, 1924, letters of administration were issued to plaintiff, who qualified and since has been the active representative of such estate. This is an action at law to recover the amount so paid, with interest, from the defendant. A general demurrer to the complaint was interposed and sustained and this appeal followed.

It is well settled in this state that where one voluntarily pays taxes on the real estate of another, either by mistake or otherwise, he cannot recover back the amount so paid from the owner of such land. Scharffbillig v. Scharffbillig, 51 Minn. 349, 53 N. W. 713; Bryant v. Nelson-Frey Co. 94 Minn. 305, 102 N. W. 859; L. R. A. 1915C, 500. The rule is based upon the theory that a person cannot make the true owner of property his debtor by voluntarily paying the taxes thereon. Kelley v. C. B. & Q. R. Co. 154 Iowa, 87, 134 N. W. 566.

The question of plaintiff's right of subrogation or to impress a lien upon the land is not before us. In other words this is not a suit in equity but an action at law to recover for taxes voluntarily paid and applied to land other than that of the payor against the owner of the land to which the amount paid was credited on the tax books of the county.

A real estate tax is a charge against the land which may be enforced against the same, but it is in no sense a charge against the owner of the land and no judgment may be obtained against him therefor. It follows that the demurrer to the complaint was properly sustained.

Affirmed.

Stone, J. (concurring).

I concur in the result but dissent from the proposition, as a general statement of law, that in no case can one recover who voluntarily but by mistake either of law or fact pays taxes upon the land of another. It is true that real estate taxes are not a personal obliga-

tion of the landowner. But normally he intends to and will pay them. Frequently the circumstances are such that he must pay them. The property may be a homestead or place of business of such a nature that payment of the taxes by the owner is as much a matter of compulsion as though the obligation were imposed by law. No such circumstances appearing from this complaint, I think the result correct. But if such facts had been pleaded and could be proved, I would incline to the opinion that plaintiff should recover on the resulting quasi-contractual obligation. It would then be a clear case where otherwise the defendant would be enriched wrongfully by the money of plaintiff expended for his benefit.