## JAMES A. HUNTER v. CITY OF MINNEAPOLIS AND OTHERS.[1]

May 13, 1927.

No. 26,138.

**Agreed amount of deduction from assessments to be apportioned proportionately.**

1. Under the provisions of a deed to the defendant city, recited in the opinion, a stated sum was to be deducted from subsequent assessments against certain lands. The title to different portions of the lands passed to different owners. Assessments were made upon the different tracts separately. It is *held* that the amount agreed to be deducted should be apportioned among the separate tracts in proportion to the amount assessed thereon.

[1]Reported in 213 N. W. 916.

**Payments of instalments under protest without credit for plaintiff's proportion held voluntary and not recoverable.**

2. The plaintiff paid under protest four of the ten instalments of the assessments. He was entitled to a credit of his proportion of the deduction upon the first instalments becoming due, but paid them without deduction. His payments were voluntary, notwithstanding the protest. He cannot recover them and the deduction should be applied commencing with the fifth instalment. He is not entitled to an abatement because of interest paid with his four instalments.

Municipal Corporations, 28 Cyc. p. 1134 n. 39 New; p. 1204 n. 94 New; p. 1206 n. 30.

Plaintiff appealed from an order of the district court for Hennepin county, Guilford, J., denying his motion for a new trial. Affirmed.

*Mead & Bryngelson,* for appellant.

*Thompson, Hessian & Fletcher,* for respondents.

DIBELL, J.

Action in equity by the plaintiff to compel the defendants, the city of Minneapolis and its officers, to reduce the assessment of benefits for an improvement affecting his property. It was conceded that the plaintiff was entitled to a reduction. The court allowed him $485.60. He claimed that he should have $656.23, and appealed from the order denying his motion for a new trial.

1. In 1908 one Fairchild was the owner of land on Lake Calhoun in Minneapolis which he conveyed to the city. He owned contiguous land. As a part of the consideration of the conveyance the city agreed that the contiguous property should be exempt, to the extent of $1,000, from assessments for benefits for subsequent improvements. The plaintiff acquired title to a portion of the land and title to other portions passed to others. The different portions were assessed separately. The question is how the $1,000 exemption should be apportioned.

Similar exemptions had consideration in In re Improvement of Calhoun Boulevard, 167 Minn. 251, 258, 208 N. W. 1000, 209 N. W.

939, and In re Improvement of Minnehaha Parkway, 167 Minn. 253, 258, 208 N. W. 998, 209 N. W. 939, and cases cited therein, and the right to maintain an action in equity such as this was sustained.

The deed from Fairchild to the city provided that the contiguous property should "be exempt from all special assessments for benefits to be hereafter levied   *   *   *   until the amount of such exemption shall equal one thousand dollars." The method fixed for determining the exemption was as follows:

"The amount of such exemption shall be determined as follows: Whenever special assessments shall be made under the provisions of said acts, the assessors shall fix the amount to be assessed upon the lands hereinabove last described, upon the basis as if this agreement for an exemption did not exist, and the amount of such assessment as finally confirmed by the Court shall be conclusive upon the parties hereunto but no such assessment shall be placed on the tax books for collection until the amount thereof exceeds the sum of one thousand dollars and then only the excess above said one thousand dollars shall so be placed on the tax books for collection, and said party of the second part [the city] does hereby warrant and agree to protect said parties of the first part against any and all cost and expense by reason of any such assessment under and by virtue of the provisions of said laws until the amount of such assessment as finally confirmed by the court shall exceed said sum of one thousand dollars."

The trial court apportioned the $1,000 among the tracts assessed in proportion to the amount of the assessments; or, using the language of the trial court, "the amount of the exemption should be in ratio to the total original exemption as the individual assessment is in ratio to the total assessment on the properties covered by the total original exemption."

The apportionment was correct. It was intended by the deed that the $1,000 should stand as an advance payment upon a subsequent assessment for benefits. When the assessment was made the $1,000 was to be credited upon it or applied in extinguishment of it if the assessment was less than $1,000. The total assessment upon

the tracts assessed was $4,058.90. The plaintiff's assessment was $1,970.90. Applying the $1,000 in proportion to the assessments the plaintiff was entitled to a reduction of $485.60. The plaintiff's contention that the apportionment should be based on area is contrary to the clear intent of the deed, and is not sustained.

2. The plaintiff paid four assessments upon his property before bringing suit. The payment was voluntary. Under our decisions the ordinary voluntary payment of taxes cannot be recovered. Falvey v. Board of Co. Commrs. 76 Minn. 257, 79 N. W. 302; Braddock I. Min. Co. v. Erskine, 155 Minn. 70, 192 N. W. 193, where the cases are collected. The plaintiff could not have defended, it is true, in the assessment proceeding, but his remedy was always open to secure an application of the $1,000. He has not lost the right of partial exemption from the assessment. His voluntary payment does not entitle him to an abatement of interest on the six last instalments because of his payment with his four instalments of interest on the whole of the assessments unpaid.

Order affirmed.