NORTMANN-DUFFKE COMPANY v. FEDERAL CRUSHED
STONE COMPANY.
COUNTY OF PIPESTONE, INTERVENER.[1]

November 10, 1927.

No. 26,307.

**Construction of statute in respect to payment of taxes by receiver of insolvent corporation.**

1. Section 8013, G. S. 1923, does not intend that a receiver appointed to enforce the constitutional liability of stockholders in an insolvent corporation shall pay taxes on land in which the corporation had no interest when the receivership was created.

**Real estate taxes not enforceable against landowner.**

2. Taxes on real estate are enforceable only against the land and cannot be enforced against the landowner personally.

Corporations, 14a C. J. p. 1194 n. 4 New.
Taxation, 37 Cyc. p. 1232 n. 59.

The county of Pipestone as intervener appealed from an order of the district court for Hennepin county, Montgomery, J., disallowing its claim for taxes filed with the receiver of defendant stone company. Affirmed.

*Cobb, Wheelwright, Hoke & Benson* and *L. M. Staples,* for appellant.

*Glenn S. Stiles,* for respondent-receiver.

TAYLOR, C.

Appeal from an order disallowing a claim for taxes filed by the intervener county with the receiver of the Federal Crushed Stone Company, a Minnesota corporation.

The Federal Crushed Stone Company was adjudged an involuntary bankrupt February 1, 1925. Harold W. Cox was appointed as trustee. The company owned 20 acres of land in Pipestone county

[1]Reported in 216 N. W. 250.

on which taxes for the years 1921, 1922, 1923 and 1924 aggregating more than $3,000 were unpaid. Pursuant to an order of the bankruptcy court, the trustee sold this land at public auction and conveyed it to the purchaser by quitclaim deed on March 16, 1925. At the sale the trustee read to the prospective bidders a statement to the effect that the land was subject to certain mortgages therein mentioned; that taxes aggregating approximately $3,500 were unpaid; and that he offered for sale the title and interest therein which he possessed as such trustee. The deed executed by the trustee conveyed the land subject to "all liens, encumbrances or charges which may have existed against the same at the time of the election of said trustee."

The Nortmann-Duffke Company obtained a judgment in Hennepin county against the Federal Crushed Stone Company, and an execution issued thereon by the district court of that county was returned wholly unsatisfied. On the application of the Nortmann-Duffke Company, the district court of Hennepin county, on March 18, 1925, appointed Harold W. Cox as receiver to enforce the constitutional liability of the stockholders of the Federal Crushed Stone Company. Thereafter an assessment of 50 per cent of the par value of their stock was levied upon such stockholders and is in process of collection. Although the receiver appointed by the state court happens to be the same person appointed as trustee by the bankruptcy court, his duties as receiver are entirely distinct from his duties as trustee—as much so as if another person had been appointed to one or the other of these positions.

The purchaser of the land at the trustee's sale conveyed it to the present owner who took with full knowledge of all the facts. At the instance of the present owner the county of Pipestone filed a claim with the receiver for the unpaid taxes above mentioned. The receiver filed objections to the claim and the court disallowed it. The county appealed through attorneys employed by the owner of the land.

[1] The appellant relies on G. S. 1923, § 8013, which provides that the funds in the hands of the receiver shall be applied in the following order:

"1. In payment of the costs and expenses of the receivership.

"2. Debts due the United States and the state of Minnesota, if any.

"3. Taxes and assessments, if any," etc.

It is conceded that the land had been sold and conveyed by the trustee before the receiver was appointed; that none of the assets of the Federal Crushed Stone Company have or will come into the hands of the receiver; and that the amounts collected or to be collected on assessments against the stockholders are the only funds which have or will come into his hands.

The purchaser of the land bought it subject to the taxes, and has no claim either legal or equitable to have funds in the hands of the receiver applied in payment of such taxes. But the claim is that the statute makes it. the duty of the receiver to pay the taxes as a preferred claim and creates a right to have them paid out of the funds in his hands which the county is entitled to enforce. The bankruptcy act contains a provision much like our statute, and we are cited to several cases holding that the trustee in bankruptcy is required to pay all taxes owing by the bankrupt; but none of them go to the extent we are asked to go here. It was held in some of them that the trustee must pay the taxes on land which was a part of the estate of the bankrupt, although it was exempt or encumbered for more than its value and for that reason was not taken by the trustee as assets of the bankrupt estate; but none go to the extent of holding that he is required to pay taxes on property which had been lawfully disposed of and had ceased to be a part of the bankrupt's estate before he became trustee.

[2] Under our law taxes on real estate are a charge against the land and can be enforced only against the land. They create no personal liability or obligation on the part of the landowner and cannot be enforced against him personally. Martin v. Lennon, 19 Minn. 45 (67); Falvey v. Board of Co. Commrs. 76 Minn. 257, 79 N. W. 302; State ex rel. Vossen v. Eberhard, 90 Minn. 120, 95 N. W. 1115; Washburn v. Gregory Co. 125 Minn. 491, 147 N. W. 706,

L. R. A. 1916D, 304; State v. Security Nat. Bank, 143 Minn. 408, 173 N. W. 885.

The taxes in question were not, and could not be made, a personal charge against the crushed stone company; and there is no basis for claiming that, as owner of the land, that company was under an obligation to pay them. The statute doubtless requires the receiver to pay the taxes on land which is a part of the estate of the judgment debtor and which, as such, he takes over, or has the right to take over, for the purposes of the receivership. But the statute cannot reasonably be construed as intending that the receiver shall apply the funds in his hands in payment of taxes upon lands which had been lawfully disposed of before the receivership was created, and which, consequently, were not then a part of the estate of the insolvent judgment debtor but were the property of strangers to the proceeding. Such is the case here presented. The land in question had ceased to be a part of the estate of the judgment debtor before the receivership was created and could not be reached by the receiver for any purpose of the receivership.

We concur in the conclusion of the learned trial court that the stipulated facts show that the taxes in question are not within the purview of the statute. This conclusion renders it unnecessary to consider other questions discussed in the briefs.

Order affirmed.