EDWARD F. WEBERLING v. JOHN BURSELL AND OTHERS.[1]

May 2, 1930.

No. 27,882.

[1]Reported in 230 N. W. 654.

*Paul C. Cooper,* for appellant.

*E. H. Nicholas,* for respondents.

OLSEN, C.

Plaintiff appeals from an order sustaining demurrers to his complaint on the ground that it fails to state facts sufficient to constitute a cause of action.

Plaintiff held an unrecorded deed to an undivided one-half of 320 acres of farm land in Martin county, Minnesota. The deed was

given on July 18, 1922. At the time it was given plaintiff already, held title to the other undivided one-half of the land. On October 28, 1927, the defendants Lavinia Bursell and Sarah Brewer became the owners of 80 acres of the land by foreclosure of a mortgage and expiration of the time for redemption. Plaintiff thereafter had no interest in the 80 acres. In February, 1928, plaintiff desired to have his deed of July 18, 1922, recorded. The county auditor could not certify the deed for record without payment of the taxes on the entire land described in the deed, and the register of deeds could not record it without such certificate. The taxes upon the 80 acres owned by the two defendants above named amounted to $265.14. Plaintiff had paid certain encumbrances on the land other than the 80 acres and desired to record his deed to show his title to the land of which he remained the owner. In order to have his deed recorded he then paid the $265.14 taxes upon the land owned by the two defendants. He seeks by this action to recover a money judgment against the defendants personally for the taxes so paid. The defendant John Bursell is the husband of Lavinia Bursell. It is alleged that he was the agent of his codefendants, and that at some time not specified he promised to repay to plaintiff the amount of these taxes.

■ Taxes upon real estate are a charge and lien upon the land in favor of the state but are not a personal obligation of the landowner under our laws. If the taxes are not paid the state may enforce collection by sale of the land but cannot recover any personal money judgment against the landowner. Martin v. Lennon, 19 Minn. 45 (67); Falvey v. Commrs. of Hennepin County, 76 Minn. 257, 79 N. W. 302; Maxwell v. Hatherly, 170 Minn. 27, 211 N. W. 963; Nortmann-Duffke Co. v. Federal C. S. Co. 172 Minn. 567, 216 N. W. 250. It follows that one who voluntarily pays the taxes upon the real property of another cannot recover of the owner the amount so paid, unless by some valid contract or agreement, to which the person making the payment is a party or which he has a right to enforce, the landowner has obligated himself to repay.

■ Plaintiff made the payment here in question voluntarily and is not in a position to demand repayment. Smith v. Schroeder,

15 Minn. 18 (35); Scharffbillig v. Scharffbillig, 51 Minn. 349, 53 N. W. 713; Falvey v. Commrs. of Hennepin County, 76 Minn. 257, 79 N. W. 302; Gould v. Commrs. of Hennepin County, 76 Minn. 379, 79 N. W. 303, 530; Bryant v. Nelson-Frey Co. 94 Minn. 305, 102 N. W. 859; Braddock I. Min. Co. v. Erskine, 155 Minn. 70, 192 N. W. 193; Maxwell v. Hatherly, 170 Minn. 27, 211 N. W. 963; Hunter v. City of Minneapolis, 171 Minn. 309, 213 N. W. 916.

■ Plaintiff concedes in his brief that he must depend for a recovery entirely on G. S. 1923 (1 Mason, 1927) § 2210. It is stated that this statute has never been construed by this court in a case on facts similar to those here presented. The statute provides:

"When any tax on land is paid by or collected from any occupant or tenant, or any other person, which, by agreement or otherwise, ought to have been paid by the owner, lessor, or other party in interest, such occupant, tenant, or other person may recover by action the amount which such owner, lessor, or party in interest ought to have paid, with interest thereon at the rate of twelve per cent per annum, or he may retain the same from any rent due or accruing from him to such owner or lessor for land on which such tax is so paid."

This statute, in practically the same form, has been in force in this state since prior to 1862. An error in wording has since been corrected, but the meaning of the section remains the same. The case of Martin v. Lennon, 19 Minn. 45, 52 (67), we think does construe this statute. It is there said:

"Yet, in one sense, it may be said that this was a tax which the owner *ought* to have paid, for, as a good citizen, he ought to pay his taxes at the day appointed. He incurs no personal liability to the state, however, by letting his land go to sale. The taxes are a charge on the land merely, which land he may lose by persistent delinquency; but that is a matter between himself and his own pocket. It is not in the sense of any such *moral* obligation as that of the citizen above mentioned that the statute uses the expression

'ought to pay.' The relation between the occupant and the owner must be such as to raise an obligation, as between them, on such owner's part, to pay such tax."

■ The moral obligation to pay taxes is a duty owing only to the state. It has no application to a stranger to the land, one who pays taxes thereon voluntarily for some purpose of his own, without any agreement or contract relation with the landowner. The case last cited has stood without modification or change for more than half a century. The fact that during that time no case has reached this court wherein a party in a similar position to this plaintiff has sought reimbursement of taxes under this statute is persuasive of the correctness of the decision. We agree with what the court said in the case cited and find no moral or legal obligation to this plaintiff owing by these defendants to repay these taxes.

In the Scharffbillig case, 51 Minn. 349, 53 N. W. 713, one in possession of land and claiming title thereto paid taxes on the land. In an action brought to contest his title he was found not to have any title or right to possession. He then brought suit against the one adjudged to be the owner and entitled to possession to recover the taxes he had paid on the land, claiming to be entitled to recover under the statute here in question. The court held that he paid voluntarily at his own risk; that he did not pay the taxes as an occupant under the owner, or by consent, express or implied, of the owner, but to protect his own interest; that the statute was obviously not intended to apply to such a case.

In LaPaul v. Heywood, 113 Minn. 376, 129 N. W. 763, 32 L.R.A. (N.S.) 368, Ann. Cas. 1912A, 274, a tenant held under a lease, which was silent as to payment of taxes but which obligated the tenant to erect certain buildings at his own expense, which he was at liberty to remove at the termination of the lease. The lease period was ten years, with the privilege of renewal. The buildings so erected were assessed separately from the land, but the taxes levied were upon the land and buildings in one lump sum. The tenant refused to pay any part of the taxes, and the landlord was compelled to pay the entire tax to protect his ownership of the

land. It was there held that the landowner could recover of the tenant that part of the taxes paid chargeable to the tenant's buildings and that the statute in question authorized such recovery. The case is readily distinguishable from our present case. There was in that case a joint interest in the land, there was the relationship and contract of tenancy, there was occupancy by the tenant, and a sufficient foundation for an obligation on his part, owing to the landowner, to pay the taxes. The statute was properly held to apply.

As to the defendant John Bursell, a naked promise by him to repay to plaintiff these taxes, not based upon any legal obligation or even any moral duty owing to plaintiff, could impose no legal liability upon anyone. As to him personally the promise would be within the statute of frauds. As to all the defendants it would be without valid consideration. The complaint does not allege any authority from the landowners to John Bursell to make the alleged promise, or that in so doing he was acting for his codefendants or for anyone except himself. But even if such authority and action had been alleged, it would not have sufficed.

Order affirmed.