REPUBLIC IRON & STEEL COMPANY AND OTHERS v.
WALTER H. BORGEN.
INDEPENDENT SCHOOL DISTRICT NO. 35, ST. LOUIS
COUNTY, INTERVENER.[1]

November 25, 1932.

No. 29,075.

[1] Reported in 245 N. W. 615.

*Mitchell, Gillette & Carmichael,* for appellants.
*Charles E. Adams,* for respondent county auditor.
*Austin & Wangensteen,* for intervener.

STONE, J.

Taxpayers' action to enjoin defendant county auditor from spreading the 1931 tax levy of independent school district No. 35, St. Louis county, in excess of the $60 per capita limitation fixed by L. 1921, p. 646, c. 417. The decision was for defendants, and plaintiffs appeal from the judgment.

Objections to the introduction of any evidence by plaintiffs were sustained below upon grounds which need not now be examined. Plaintiffs' motion for a temporary injunction was denied. When the case came on for trial the involved taxes had been spread and were in process of collection. That does not appear from the record, but it could not be otherwise if we indulge in the presumption, which in the absence of evidence is controlling, that the officials of St. Louis county were performing the duties imposed upon them by express statute. G. S. 1923 (1 Mason, 1927) § 2071, et seq. Doubtless some of the taxes have been paid, but that does not matter. The determinative thing is that decision for plaintiffs is out of question because it would involve impossible unscrambling of accomplished facts so complicated that there is no judicial machinery for their undoing.

"If, pending an appeal, an event occurs which renders it impossible to grant any relief, or which makes a decision unnecessary, the appeal will be dismissed." Troy v. City of St. Paul, 155 Minn. 391, 395, 193 N. W. 726, 728; State ex rel. Klemer v. City Recorder, 129 Minn. 535, 152 N. W. 654; Sweeney v. Village of Ellsworth, 135 Minn. 474, 159 N. W. 1067; Moore v. McDonald, 165 Minn. 484, 205 N. W. 894.

Incidentally, it may be noted that we have held that in such cases the complaining taxpayers have an adequate remedy at law in the

proceedings for the collection of taxes. Wall v. Borgen, 152 Minn. 106, 188 N. W. 159; Braddock I. Min. Co. v. Erskine, 155 Minn. 70, 192 N. W. 193.

Judgment affirmed.

