MARY H. MAYALL and others *vs.* CITY OF ST. PAUL and another.

March 9, 1883.

**City of St. Paul—Assessments for Local Improvements.**—The statute relating to local improvements and special assessments in the city of St. Paul (Special Laws 1874) does not authorize the making of two separate and distinct public improvements as an entirety, and the assessment of the gross unapportioned cost of the whole upon property deemed to be specially benefited thereby. The amendment of such act (Sp. Laws 1875) authorizes the grading of two or more streets as one improvement, when, in the proper prosecution of the work, the material taken from one street may be used in filling the others, but only in such case.

**Same—Assessment not Conclusive.**—An assessment by the board of public works, made in a proceeding not authorizing the making of any assessment, is not conclusive.

**Same—Equitable Relief to Land-Owner.**—*Sewall* v. *City of St. Paul*, 20 Minn. 459, (511,) followed, holding that the owner of property charged with a special assessment, which appears of record to be a valid lien thereon, is entitled to equitable relief.

Plaintiffs brought this action to the district court for Ramsey county, against the city of St. Paul and its treasurer, to enjoin the enforcement of a special assessment against their real estate described in the complaint. A demurrer to the complaint was overruled by *Wilkin*, J., and the defendants appealed.

*W. P. Murray*, for appellants.

*S. L. Pierce*, for respondents.

DICKINSON, J.* This is an action for equitable relief against special assessments charged upon the property of the plaintiffs on account

---

*Gilfillan, C. J., because of illness, took no part in this case.

of the grading of parts of two streets in the city of St. Paul, prose-
cuted under the statute.  Sp. Laws 1874, *c.* 1, *subc.* 7, amended by
Sp. Laws 1875, *c.* 1.  The case comes here upon appeal from an
order overruling a general demurrer to the complaint.  The follow-
ing diagram shows the locality of the improvements for which the
assessment was made:

The work consisted of grading Mount Airy street from A to B, and
from C to D, and of grading Broadway from B to E.  For conven-
ience we will designate that portion of Mount Airy street from A to B
as the *western* section, and that from C to D as the *eastern* section.
It appears from the complaint that that portion of Mount Airy street
from B to C, separating the eastern and western sections referred to,
is a rough, untraversable territory, unused and unimproved as a street
or highway.   The work on this eastern section consisted of making a
deep cut in that part of the street, and all of the material taken there-
from was used in grading L'Orient street, none of it being used or
required on the other portion of Mount Airy street or of Broadway;
nor was the material taken from the western section of Mount Airy
street or of Broadway used or required upon the eastern section of
the former street.  It is further alleged in the complaint that the
*eastern* section of Mount Airy street is distinct and separate from the
residue of such improvements, and is a distinct and separate local
improvement, and of no benefit to real estate on the *western* section
of said street or on Broadway, and of no special benefit to the plain-
tiffs' property, the same not being in the locality of said *eastern* sec-
tion.   It is further alleged that the improvement on Mount Airy street

is of no special benefit to the real estate on Broadway, and that neither the board of public works nor the common council found that there was any such benefit. The whole work was done under one contract, as an entire improvement, and the cost of the whole was assessed upon all property fronting upon any of such improvements. The assessment was confirmed, and the city treasurer was proceeding to enforce payment of the assessment upon the real estate charged, as a legal assessment was required by statute to be enforced, when this action was commenced. It is also alleged that the assessment appears on record to be a valid charge and lien upon such real estate, and a cloud upon plaintiffs' title.

We have to determine whether the complaint shows that the assessment was invalid, and whether the plaintiffs are entitled to equitable relief. We will first consider whether the assessment was unauthorized and invalid because it included the cost of the separate and distinct improvement designated as the eastern section of Mount Airy street. The statute of 1874, authorizing the assessment of the cost of local improvements upon the property specially benefited thereby, does not authorize the prosecution of two or more separate and independent works of public improvement as an entirety—the letting of the whole in one entire contract, without apportionment of the price of the distinct parts, and the assessment of the gross cost of the whole upon the property deemed to be specially benefited. No such authority is expressly given by the act; and from the general tenor of it, and from the language used in prescribing the procedure, the statute seems to contemplate one improvement, and not several, as being prosecuted in any single proceeding. Again, by the amendment of 1875, it was enacted that "two or more streets may be ordered to be graded at the same time, so that the material taken from one street may be used in filling others." This amendment involves a legislative construction of the act as it stood prior to the amendment, to the effect that it did not authorize the grading of two or more streets as one entire improvement. If the grading of several streets might not be thus prosecuted as an entirety under the act of 1874, there is nothing in the act indicating that several and distinct improvements of any other kind might be so united. Whether the pur-

pose of the legislature in enacting the amendment was to confer a power not before granted, or only to express more clearly its will, as embodied in the act of 1874, the fact that the amendment is limited as it is, indicates with much distinctness that it was not intended that separate improvements, not within the terms of the amendment, should be united and prosecuted as an entirety. The limitation of the authority conferred by the act of 1874 to the grading of one street only as a single improvement is supported also by the decision of *Arnold* v. *City of Cambridge*, 106 Mass. 352; and, in principle, that case is an authority in support of the proposition that, under the act of 1874, two distinct improvements may not be prosecuted as one.

Let us consider, in this connection, the effect of the amendment of 1875. That amendment must be regarded as authorizing the grading of two or more streets, under the conditions named, under one contract, and as an entire proceeding. To construe it as merely giving authority to prosecute the grading of several streets *contemporaneously* would make the enactment of no effect, for that might have been done before. The words, "so that the material taken from one street may be used in filling others," are a limitation of what goes before, and are not merely the assignment of a reason by the legislature for enacting the law. Such recitals of reasons are not embodied thus in the midst of the enacting clauses of a statute. The effect of the enactment is to authorize the grading of two or more streets as one improvement, when, in the proper prosecution of the work, the material taken from one street may be used in filling the others. To such a case is such authority limited, for *expressio unius est exclusio alterius.*

The facts pleaded show that the grading of the eastern section of Mount Airy street, in connection with the other improvements, was not authorized by the amendment of 1875, nor, as we have construed the act of 1874, was it authorized thereby. The fact that it was a part of Mount Airy street is not inconsistent with the allegation that it was a separate and distinct local improvement. It follows that the assessment is invalid if the question as to the character of the improvement and the validity of the assessment is open to inquiry.

It is claimed, however, that the assessment made and confirmed is

a conclusive determination of the questions we have been considering, and *Rogers* v. *City of St. Paul*, 22 Minn. 494, is relied upon in support of this position. The conclusiveness which in that case, and in the subsequent case of *Carpenter* v. *City of St. Paul*, 23 Minn. 232, was recognized as to the "local" or beneficial character of the improvement, as to the property benefited, and the extent of such benefit, was predicated of an assessment proceeding which was warranted by the statute. In *State* v. *District Court Ramsey County*, 29 Minn. 62, we held further that only such determinations of the board of public works as were made in the exercise of the power conferred upon it were conclusive. It is clear that no such quality can belong to an assessment made in a proceeding which was not authorized by the statute, and where there was no authority to make *any* assessment. Such was this case as presented by the complaint, and, upon the facts admitted by the demurrer, the assessment was unauthorized and invalid. The case thus presented by the complaint entitles the plaintiffs to equitable relief. It falls within the exceptions recognized by former decisions of this court—*Minnesota Linseed Oil Co.* v. *Palmer*, 20 Minn. 424, (468;) *Sewall* v. *City of St. Paul*, Id. 459, (511,)—in that extrinsic evidence is necessary to show the invalidity of the assessment, which, as the complaint alleges, "appears on record to be a valid charge against and lien upon the said real estate so assessed." The fact so pleaded is admitted by the demurrer. It follows that the order overruling the demurrer should be affirmed.

Anticipating the further proceedings which may be taken in the case, we advert to the facts, as pleaded, relative to the grading of Broadway and Mount Airy street as one improvement. It is apparent, from what has been already said, that the mere fact that the two streets were graded as one entire improvement does not show the assessment to have been invalid. Such a proceeding was authorized, under the conditions named in the amendment of 1875, and it does not appear that those conditions did not exist with respect to Broadway and the western section of Mount Airy street. While there may be qualifications upon the right to grade several streets together, and make assessment of the cost of the whole, we are not called upon to define the nature and extent of such qualifications. The allegation

that the improvement on Mount Airy street is of no special benefit to the property on Broadway, does not necessarily show that the improvement or assessment was unauthorized. It is not asserted that such property was not benefited by the improvement made on Broadway. We will suggest an hypothetical state of facts, which may have been the actual facts, so far as appears from the complaint. Suppose that Broadway needed filling, and that the property contiguous thereto would be benefited thereby, and that the western section of Mount Airy street needed excavating, and that the property contiguous thereto would be benefited thereby. Both works might be done together at a less cost than would be required for doing either one alone. Under such circumstances it might be expedient, with a view to economy and to the special benefits which might accrue to all the property from the improvement, that the whole should be undertaken and prosecuted as one improvement; it might be essentially one entire improvement. It may occur that an improvement may be prosecuted which is in its nature entire and practically indivisible, and as a whole confers special benefits, where still some part of the work is of no benefit to the property assessed. It does not appear that such was not this case, and the plaintiffs are not entitled to relief upon these facts alone, to which we have last referred. But, for the reasons before stated, the order overruling the demurrer is affirmed.