IN THE MATTER OF THE PROCEEDINGS TO OBTAIN
JUDGMENT FOR DELINQUENT REAL ESTATE
TAXES FOR THE YEAR 1920.

JOSEPH STRONGE, S. T. SORENSEN, WABASH NATIONAL
BANK, BELLE GRAVES AND WILLIAM G. GRAVES,
ADAM DECKER HARDWARE COMPANY, BOWLIN
REALTY COMPANY, METROPOLITAN OPERA HOUSE
COMPANY, AND JAMES C. FULTON, OBJECTORS AND
APPELLANTS.[1]

April 20, 1923.

No. 23,440.

**Amount of excess tax on real estate may be deducted from unpaid second
half.**

Where a tax has been levied upon real estate, based upon an over-
valuation of the property, the first half of the tax paid without protest,
the second half allowed to become delinquent, and the amount of the
excess tax determined in a proceeding under the statute, the excess
may be deducted from the tax remaining unpaid.

In proceedings to enforce the payment of delinquent real estate
taxes for the year 1920 in Ramsey county, Joseph Stronge and
others answered, objecting to the assessment on the ground that
their property had been overvalued. The matter was heard by
Haupt, J., who granted the motion of the state for judgment on the
pleadings on the ground that it appeared one-half of the tax had
been paid and that there was a waiver of any objections to the tax
and it was an account stated. From an order denying their mo-
tions for a new trial, Sanborn, J., the property owners appealed.
Reversed.

*Thomas C. Fitzpatrick, William F. Hunt, B. H. Schriber* and *John
M. Bradford,* for appellants.

[1]Reported in 193 N. W. 459.

*Richard D. O'Brien*, County Attorney, *Harry H. Peterson*, Assistant County Attorney, *Carlton F. McNally*, Corporation Counsel, and *Arthur A. Stewart*, Assistant Corporation Counsel, for respondent.

QUINN, J.

This is a proceeding to enforce the payment of delinquent taxes on certain real estate in Ramsey county for the year 1920. The valuation upon which the taxes were based was far in excess of the actual value of the property assessed. The trial court held adversely to the landowners, and from an order denying their motions for a new trial, they appeal.

In five of the cases the actual value of the property was agreed upon. In the other three evidence was received fixing the value. The amount at which the property of the appellants was assessed, as well as the actual value thereof, is practically conceded. The amount of the overvaluation on the several properties, ranges from $6,300 to over $179,000. The first half of the taxes in each case was paid prior to June 1, 1921, without protest. The second half became delinquent. Proceedings were commenced to enforce payment, and answers were interposed by the property owners, setting up the excessive valuation upon which the taxes were based.

It is contended on behalf of the county that the payment of the first half of a tax, made without protest, constitutes an acquiescence in the levy and precludes the owner of the property from thereafter asserting that the assessed valuation upon which the tax was based, is excessive. This presents a question of law, which is the only matter here for determination.

The statute provides, in effect, that a penalty of 10 per cent shall be charged upon all unpaid real estate taxes on June first of each year, on the current list. Provided that one-half thereof may be paid on or before May 31, and no penalty shall attach; and thereupon the remaining half may be paid at any time prior to November first following, and no penalty shall attach thereto. That each tract against which taxes or any part thereof remain unpaid on the first Monday in January of each year, shall be deemed delinquent, and thereupon an additional penalty of 5 per cent on the amount of the

original tax remaining unpaid shall be charged. That on or before the first day of February in each year the county auditor shall file with the clerk of the district court, a list of delinquent taxes, which shall have the force and effect of the filing of a complaint in an action by the county to enforce the payment of taxes. That within five days thereafter, the clerk shall return a copy thereof to the auditor, with notice prepared and signed by him, and attached thereto, requiring the owners to file with the clerk their answers setting forth in concise language their objections to the taxes, and that, in default thereof, judgment will be entered against such land for taxes, penalties, interest and costs. G. S. 1913, §§ 2092 to 2095. The statute also provides for the publication of such notice and list, and that the owner, within 20 days from the last publication, file his answer with the clerk. G. S. 1913, §§ 2098 and 2104. This procedure was complied with.

Prior to the year 1902, real estate taxes were payable on or before June first of each year, and if not paid in full by that date a penalty attached. By chapter 2, p. 1, Laws of 1902, the proviso was added to the statute permitting the payment to be made in two instalments. As we read the statute, it was not the purpose of the proviso to lessen the rights of the taxpayer in litigating the correctness of his taxes or in enforcing his remedy, but rather to make the payment thereof less burdensome. The overvaluation of the properties in the instant case emphasizes the wisdom of such a statute. The landowners paid the first half of the taxes but refused to pay the balance. At the first opportunity they filed their answers setting forth their defense. The facts pleaded go directly to the entire tax and the proofs sustain the allegations of the pleadings. Under such circumstances the owners were entitled to judgment upon the facts as pleaded and proven.

A tax levied on an overvaluation of property, is invalid to the extent of the amount thereof based upon the excessive valuation, and, under the statute, the owner is entitled to have the excessive part of such tax off-set against the unpaid portion of the original tax. We do not have for consideration a case to recover taxes voluntarily paid. For the purpose of payment, the statute has separated such

taxes into two parts, but leaves the way open for the owner to contest the validity of the tax and, if a wrong has been done, to have it corrected. Such was the purpose of the statute. Any other construction would be unseemly. To provide for the litigation of the entire matter and deny the owner the right to have the illegal part of the tax offset against the unpaid portion of the original tax would render the whole proceeding a mere farce. Such was not the intention of the statute.

The proceeding was commenced by respondent when the delinquent list was filed with the clerk. The statute gives to such list when so filed the force and effect of a complaint in an action by the county. By the service of the notice issued by the clerk, the county invites the landowner to come into court and contest his objections to the tax. Why all this if the payment of the first half of the tax, of which the county has a complete record in the office of the county treasurer, is to be treated as an account stated, as contended for by respondent, sufficient to preclude from questioning the validity of the tax?

We are of the opinion and hold that where a tax has been levied upon real estate, based upon an overvaluation of the property, the first half of the tax paid without protest, the second half allowed to become delinquent, and the amount of the excessive tax determined in a proceeding under the statute, the landowner has a right to have the illegal part of the tax offset against the portion of the tax remaining unpaid. How the excess tax should be treated in case it should exceed the part of the original tax remaining unpaid, we do not decide, that question not being here involved.

Reversed.

DIBELL, J. (dissenting in part.)

I dissent in part.

I concur in the view that a voluntary payment of the first half of the taxes prior to June 1, does not preclude a defense of overvaluation upon the application for judgment to enforce the second half. The statute, G. S. 1913, §§ 2092-2095, 2103-2105, 2108, authorizes the postponement of the payment of one-half of the taxes to the last day

of October, if the first half is paid by June 1; and it contemplates that the tax proceeding against the land, commenced by filing the delinquent list, shall be for the one-half of the taxes remaining unpaid, and that the landowner may defend against it.

I do not concur in the view that the property owner may contest the validity of the one-half which he has paid, or the valuation upon which it is based, in a proceeding to enforce the second half, and thus in effect get a refundment. The payment is voluntary. It is the consistent holding of this court, based upon convenient and sound policy, that the property owner cannot enjoin a tax, or pay under protest and recover it, though it is unconstitutional and therefore invalid and legally unjust. Falvey v. Board, 76 Minn. 257, 79 N. W. 302; Gould v. Board, 76 Minn. 379, 79 N. W. 303, 530; Wall v. Borgen, 152 Minn. 106, 188 N. W. 159; Braddock Iron Mining Co. v. Erskine, 155 Minn. 70, 192 N. W. 193. He must make his defense in the tax proceeding. There may be an exceptional case of coercion or duress or of drastic provisions for enforcement justifying a different remedy. State v. Nelson, 41 Minn. 25, 42 N. W. 548, 4 L. R. A. 300; Fairley v. City of Duluth, 150 Minn. 374, 185 N. W. 390.

The right to pay the one-half without penalty at a later day, if one-half is paid by June 1, is the result of legislative grace. In speaking of this Judge Haupt, trying the case, said:

"The proviso was legislative incorporation to aid taxpayers, particularly wheat-growing farmers of the state. The objectors, in the exercise of good business judgment, availed themselves of this proviso. Does the state, by extending five months grace, forfeit any of its rights? It seems that the contrary conclusion should be reached. Had the whole tax been paid, not a dollar could have been recalled because of the inflexible rule that taxes once paid cannot be recovered. Objectors concede that to be the rule in a direct action, but claim that by filing an answer in this proceeding they can, indirectly, effect that result; that is, they can have an alleged overpayment on the first half credited on the second half of the tax, and to that extent deplete the county funds."

The filing of the delinquent list with the clerk is the commencement of an action against the land to enforce the taxes and penalties "therein appearing against it." (Section 2094.) All the taxes that appear against the land are "unpaid taxes" (section 2092), or such as "remain unpaid" (section 2093), and judgment is entered for such amount (section 2105). The action commenced by the filing of the delinquent list is against the land for the recovery of the second half of the taxes. The first half has been paid and distributed, and legally is a closed incident of the tax proceeding. I do not agree that in the proceeding to enforce the second half the landowner, showing an excessive valuation entitling him to a reduction, may have a like reduction as to the first half, thus in effect getting a refundment by a credit on the second one-half because of overvaluation upon the first half which he voluntarily paid.

I concur in the reversal upon the ground that the holding of the trial court prevented the defense of overvaluation to the application for judgment against the land for the second half of the taxes.