## HUBERT V. McCULLOUGH AND OTHERS v. BOARD OF PARK COMMISSIONERS OF CITY OF MINNEAPOLIS AND AL. P. ERICKSON, AS AUDITOR OF COUNTY OF HENNEPIN.[1]

December 7, 1923.

No. 23,617.

**Exemption from local assessment for paving not covered by clause in contract with donor of land—"maintenance."**

1. The owner of a tract of land agreed to convey a portion of the tract to a city, to be used for public pleasure drives, parkways and boulevards, and to be laid out, graded and embellished according to certain plans. The contract provided that the remainder of the tract should not be subject to future assessments "for any part of the expense of such improvement or the maintenance thereof." *Held* that, under the rule of strict construction applicable to such contracts, the exemption did not extend to a special assessment for paving a boulevard after it had been laid out, graded and put in condition for public use.

**Statutory power of Minneapolis Park Board to grant exemption.**

2. Under chapter 281, Sp. Laws 1883, chapter 96, Sp. Laws 1885, and chapters 30 and 103, Laws 1889, the park board of the city of Minneapolis had power to exempt land from special assessments, provided the exemption was limited to the agreed price or reasonable value of the land acquired in consideration of the exemption of the remainder of the tract.

[1]Reported in 195 N. W. 1013.

Action in the district court for Hennepin county to annul a paving assessment and to enjoin its enforcement. The case was tried before Molyneaux, J., who made findings and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, all of the plaintiffs appealed. Affirmed.

*Selover, Schultz & Mansfield,* for appellants.

*Shearer, Byard & Trogner,* for respondents.

LEES, C.

An action was brought by the owners of property abutting on Linden Hills boulevard in the city of Minneapolis to vacate a paving assessment against their property and to enjoin its collection. The court found against them and they have appealed from the judgment.

In the year 1884 the city made plans for a park and pleasure driveways in the Lake Harriet district. Henry B. Beard was the owner of a tract of land bordering on the lake. He made a proposal in writing to donate a portion of the land to the city, upon the condition that the city should keep it in proper condition for use as a park and for driveways, and upon the further condition that the land he then owned or controlled and which would abut in part on the park and boulevard shown in the plans should be "exempt from the assessment of any special tax for the construction or maintenance of said boulevard or park." In the following year a formal contract between Mr. Beard and the board of park commissioners was executed. He promised to convey to the city the land he had offered to donate. The land was to be used, kept and maintained for public pleasure drives, parkways and boulevards, and the city was to lay out, grade and embellish it according to plans to be made by a competent landscape gardener, and construct and maintain bridges at two specified railroad crossings. Mr. Beard promised to free the land donated from all liens and encumbrances, except a claim then being asserted by William S. King in certain actions pending in the district court of Hennepin county. The contract contained a clause which read as follows:

"No special assessment shall ever be levied upon any of the lands now owned by the parties of the first part around said lake, of which the lands herein described form a part, for any part of the expense of such improvement or the maintenance thereof."

The park board took possession of the land, made a park of it, laid out and graded driveways, put them in condition for travel, and performed all its other obligations under the contract. Then Mr. Beard made a voluntary assignment for the benefit of his creditors, without first conveying the land to the city. Thereupon the park board applied to the district court for an order directing the assignee to execute a deed in accordance with the terms of the Beard contract, and such an order was made in July, 1888, but it did not cover all the land described in the contract. The park board was required to pay the assignee $7,200, which he was directed to pay over to William S. King for a release of the property conveyed from the lien of a mortgage he had obtained from Mr. and Mrs. Beard on October 1, 1887. The city and the assignee complied with the order and King released the mortgage. The assignee's deed provided that the property should forever be maintained by the park board "as public parks, parkways and boulevards" in accordance with the terms of the Beard contract. Afterwards and on December 17, 1894, Mr. Beard and his wife executed a quitclaim deed to the city covering the property described in the assignee's deed and other property. The deed recited that it was given subject to the conditions of the assignee's deed.

Recently the park board had Linden Hills boulevard paved, and levied a special assessment against the property of the appellants to cover the expense of the improvement. The appellants acquired title by mesne conveyances from Mr. Beard. Their property is part of the tract from which he took the land conveyed to the city, and they claim that it is exempt from the assessment by reason of the facts stated. In our opinion there are two reasons why the claim cannot be sustained.

1. In State v. Great Northern Ry. Co. 106 Minn. 303, 322, 119 N. W. 202, speaking of the right of the legislature to limit its power of taxation, this was said:

"The power of taxation is a sovereign prerogative; its exercise is indispensable to the maintenance of the state and its institutions, and no inferences or presumptions arising from indefinite and uncertain language * * * should be indulged by the court in support of an immunity not enjoyed by all taxpayers alike."

It was there held that a contract exempting property from taxation is to be strictly construed, and therefore the exemption must be expressed in terms too clear to admit of doubt. In In Re Improvement of Lake of The Isles Park, 152 Minn. 29, 188 N. W. 54, this doctrine was applied to a contract exempting land from assessments. When the contract now before us is read in the light of these decisions, it must be held that its language is not broad enough to embrace paving assessments. The city did not undertake to pave driveways or boulevards. It agreed to lay them out as planned and to grade and maintain them for public use. To lay out and grade a driveway is one thing; to pave it is another. In maintaining a driveway for public use it may be desirable to pave it, but a pavement is not indispensable to its use and enjoyment by the public. Strictly construed the word "maintenance," as used in the contract, does not include paving driveways and boulevards in the park district, and, as we have already seen, we are required to place a strict construction upon the exemption clause in the contract.

2. If the contract were to be given effect according to its terms, all the land around Lake Harriet, which Mr. Beard owned when the contract was executed, is forever exempt from special assessments levied to meet the expense of improving and maintaining the park and driveways. The exemption was not limited to an amount equal to the agreed purchase price or the reasonable value of the land conveyed. In In Re Improvement of Lake of The Isles Park, supra, we had occasion to consider a similar contract. In that case the park board was governed by chapter 281, p. 404, Laws 1883, as amended by chapter 96, p. 265, Laws 1885. At the time of the making of the contract involved in the instant case, the pow-

ers of the board were determined by these acts, but in 1894, when Beard conveyed to the city, the law had been changed by the enactment of chapters 30 and 103, pp. 560, 720, Sp. Laws 1889. Under these acts the park board had power to contract for the exemption from assessment of lands of the vendor which were contiguous to those acquired from him for parks. The board was also given power to assess the cost of all lands acquired and all improvements made upon the property which was specially benefited thereby—a much broader power than it possessed under the earlier acts. Appellants contend that because of these changes in the law the Lake of The Isles case does not determine the question now presented. We are of a contrary opinion. The acts of 1889 expressly provide that the amount of the exemption must be agreed upon and must appear in the contract or deed. In other words, there must be a limit to the amount of the exemption and a specific statement of the amount must be made. The power to exempt contiguous land from future assessments was not enlarged, although the legislature authorized assessments for many purposes not specified in the acts of 1883 and 1885. In all these acts the aim was to enable the park board to pay the landowner by releasing assessments of his land adjacent to the tract he conveyed. It was intended that the amount released should equal the price set upon the land when it was acquired. It was permissible to agree that the consideration should not be paid in money, but by a partial surrender of the right to assess the land. Beyond this the board could not go. When applied to the facts presented here, the course of reasoning in In Re Improvement of Lake of the Isles Park leads to the same conclusion as was reached in that case.

We hold that appellants cannot sustain their claim to an exemption of their property from the special assessment for paving the boulevard.

Order affirmed.