## IN RE IMPROVEMENT OF MINNEHAHA PARKWAY v. CITY OF MINNEAPOLIS AND ANOTHER.[2]

May 7, 1926.

No. 25,275.

**Exemption of specific land from assessment for park improvement in Minneapolis.**

1. The Board of Park Commissioners of the city of Minneapolis has authority, under c. 30 as amended by Sp. L. 1889, p. 720, c. 103, to exempt from special assessment for park improvements specific lands in consideration for lands contiguous thereto, conveyed to it and the city for park purposes to the extent of the value of the land so conveyed.

**Authority of park commissioners to grant exemption from any kind of assessment.**

2. By the Act of 1889 as amended, the board not only retained the power to grant exemptions for improvements where the amount of exemption and the land to be exempted are specifically mentioned in the conveyance, but also acquired the right to grant an exemption for any kind of an assessment that it could legally impose.

**Exemption inures to specific land and not to its owner.**

3. _Held_ that such an exemption inures to the specific land and not to the owner thereof and that the benefit passed with the land. Such benefit is not destroyed by a division of the tract into several parcels and subsequently conveyed to other parties.

Covenants, 15 C. J. p. 1259 n. 94, 95.
Municipal Corporations, 28 Cyc. p. 1131 n. 17 New.

[2]Reported in 208 N. W. 998, 209 N. W. 939.

Appeal by the city of Minneapolis and its Board of Park Commissioners from an order of the district court for Hennepin county, Nordbye, J., confirming certain assessments after deducting certain exemptions. Affirmed.

*Thompson, Hessian & Fletcher,* for appellants.

*George M. Bleecker* and *Loren C. Babcock,* for respondents.

QUINN, J.

This appeal presents the following state of facts: On May 7, 1890, Job Pratt and. wife delivered to the city of Minneapolis a certain deed to 8.8 acres of land therein described, which they then owned, which deed was accepted by the city, acting through its duly constituted Board of Park Commissioners and placed on file for record. The deed conveyed to the city title in fee to the land, subject only to the conditions therein expressed. At the time Pratt was the owner of that part of the southeast quarter of the southwest quarter of section 15, township 28 north, range 24 west, lying south of the land conveyed by the deed and east of a line drawn parallel with and distant easterly 16.7 rods from the west line of the 40 referred to, all lying and being within the corporate limits of the city of Minneapolis.

The land conveyed was intended by the grantors and by the city to be used as a part of the Minnehaha Parkway, as designated upon a plat provided by the park board, as a part of the park system of the city. The consideration expressed in the deed was $8,250. The deed contained covenants and conditions as follows: That the lands conveyed should be improved and maintained as a parkway and as part of the park system of Minneapolis; that the city should, within a reasonable time, acquire the necessary lands and extend said parkway eastward to Minnehaha Park; and that certain other described lands of the grantors adjoining Minnehaha Parkway should be exempt to the extent of $8,250 *from all assessments for benefits which may be assessed for the costs of said Minnehaha Boulevard.* The grantors received no consideration for the deed other than the covenants, conditions and exemption clause therein expressed. A state-

ment of the conditions and exemptions was prepared and filed with the secretary of the park board and a certified copy thereof recorded in the office of the register of deeds of the county. There was no levy made for the cost of improving adjoining parkway property prior to the one in question, although a small part of the exemption has been exhausted by an exemption allowed on account of an assessment for the cost of acquiring other lands.

Subsequent to the delivery of the deed to the city, Pratt conveyed to divers persons the lands to which the exemption clause applied, in different parcels. Thereafter, through mesne conveyances, the respondents Mortgage Company, Rentz, Kahlert, Pease and Wentworth, succeeded to the title formerly held by Pratt.

On December 6, 1922, the park board, acting under the city charter (L. 1911, p. 229, c. 185), passed a resolution proposing extensive improvements to the Minnehaha Parkway, consisting in changing the course of Minnehaha Creek at several points, widening and grading the roadways, constructing new roadways, installing curbs and drains, paving, constructing bridges, walks, paths and railings and planting trees and shrubbery.

In April, 1923, the park board adopted the plans and estimates filed by the engineer, thereby authorizing the improvements referred to in the proceeding of December 6 and providing that the sum of approximately $531,000 be assessed against the lands to be benefited by the improvements, and commissioners were appointed to spread the assessment over the lands in accordance with the provisions of the charter. For the purpose and convenience of the project, the entire parkway system was divided into seven sections, section 2 extending from Lyndale to Nicollet avenue, which included that portion of the parkway acquired by the Pratt deed. Each of the five respondents filed objections to confirmation of the assessment, setting forth that their lands were exempt from assessment to the extent of the unexhausted balance of the exemption mentioned in the Pratt deed. On January 2, 1924, the park board overruled the objections and confirmed the assessment, and the respondents above named appealed to the district court.

The appeal was heard in the district court before the Honorable Gunnar H. Nordbye, Judge, who made findings and reversed the order of the park board insofar as it affects the lands of the five respondents herein, and vacating all proceedings had subsequent thereto affecting said property, and appointed three commissioners to reassess said lands as described in an agreement of the litigants and filed therein. Apparently the only serious question involved in this litigation is whether the park board had authority, under chapter 30, as amended by Sp. L. 1889, p. 720, c. 103, to exempt from assessment for park improvements contiguous or adjacent lands to property deeded to the city for park purposes.

Appellant concedes that the park board had power to exempt lands from assessments for benefits imposed on account of acquiring other lands to continue or complete such a project, but denies that it had the power at the date here in question to exempt such property from assessments imposed for park improvements.

The entire Park Board Act, as amended in 1889, provided among other things that, where an exemption from an assessment was granted in return for property deeded, the amount of the exemption should be specifically agreed upon in the contract of conveyance. Sp. L. 1889, p. 560, c. 30, gave to the park board much broader powers than it had theretofore possessed. By that amendment, it was authorized to grade, pave, construct sidewalks, etc.; then provided that the cost of the same may be levied upon and collected from the property specifically benefited.

Chapter 103 amended chapter 30 so that the cost of the lands acquired by the board pursuant to this section shall be levied upon and collected from the property specifically benefited thereby. It may be observed that by the act as amended the board retained the right to grant exemptions, provided the amount was specifically set forth in the contract of conveyance, and in the same chapter authorized a levy for park improvements, a power which had not theretofore been specifically given to the board. The act as it existed prior to the amendments of 1889 was sufficiently broad to empower the board to grant an exemption from any kind of an assessment that it could legally impose. So it would seem that it was the legislative

intent to grant to the board the right to contract for the conveyance of land to the city in return for the granting of exemption from assessments imposed for park improvements as well as for the acquisition of other lands for park purposes.

We see no reason why the power of the board to grant exemptions for improvements as distinguished from the power to acquire other lands should be limited. There is nothing inherently objectionable to the granting of such power in either case. It is not contrary to public policy and we are unable to understand why any unreasonable restriction should be placed upon the language of the lawmaking power. State ex rel. v. District Court, 83 Minn. 170, 86 N. W. 15.

This decision has in no way been modified by this court. It is true that in the McCullough case, 157 Minn. 278, 195 N. W. 1013, it is stated [p. 282] that "the power to exempt contiguous land from future assessments was not enlarged [by the acts of 1889], although the legislature authorized assessments for many purposes not specified in the acts of 1883 and 1885." This statement should be viewed in the light of the question being then considered. The question there under consideration was whether the statute permitted an agreement for an unlimited exemption. There it was said: "If the contract were to be given effect according to its terms, all the land around Lake Harriet, which Mr. Beard owned when the contract was executed, is forever exempt from special assessments levied to meet the expense of improving and maintaining the park and driveways. The exemption was not limited to an amount equal to the agreed purchase price or the reasonable value of the land conveyed." By that decision was meant that the Act of 1889 did not give the board the power to grant unlimited exemption.

In the deed under consideration, the exemption is limited in amount and applies only to the land therein specifically described. While the power of a municipality to contract away its rights of taxation should be strictly construed, yet it should not be permitted to thwart a clear contract right which has been fairly acquired by one of its citizens and for which it has received full value.

We are of the opinion and hold that the exemption inures to the specific land and not to the owner thereof, and that the benefit passed with the land. It had no other attachment. State v. G. N. Ry. Co. 106 Minn. 303-326, 119 N. W. 202; Id. 216 U. S. 206, 30 Sup. Ct. 344, 54 L. ed. 446. We see no merit in the contention that the benefit could not be apportioned to subdivisions of the land. Such benefit is not destroyed by a division of the tract into several parcels, but passes with the land. 11 Cyc. p. 1098.

The commissioners, appointed by the district court to assess the respective lands of the five appellants, duly assessed the same after deducting the respective exemptions and duly made and filed a report of their doings, which was duly approved and confirmed by an order of the court filed on November 3, 1925. From such order, the city of Minneapolis and the Board of Park Commissioners appealed.

Affirmed.

## IN RE IMPROVEMENT OF MINNEHAHA PARKWAY.
### [RENTZ CASE, 25,275, p. 253.]

## IN RE IMPROVEMENT OF CALHOUN BOULEVARD.
### [HAAS CASE, 25,273, p. 251.]

On July 30, 1926, the following opinion was filed:

PER CURIAM.

The above cases were argued together and decided together, and a reargument was granted in both.

### RENTZ CASE.

At the reargument appellant contended that the provisions of the Pratt deed involved in the first or Rentz case, were not broad enough to exempt the land therein designated from the assessment in question. It is stipulated in the deed that the designated land "shall be exempt from all assessments for benefits which may be assessed for

the costs of said Minnehaha Boulevard, the amount of which exemption shall not exceed the sum of eighty-two hundred fifty ($8,250.00) Dollars."

It is further stipulated "that the amount of such exemption shall be determined in the following manner: Whenever assessors shall be appointed for the assessment of benefits for parkway or park improvements, they shall determine the amount, if any, to which such exempted lands would be liable and which would be assessed thereon if such exemption had not been made and the amount of assessment so determined shall be in that amount confirmed by the court under and pursuant to final order of confirmation and be final and conclusive between the parties hereto as to the amount of exemption under this agreement, and from time to time as made and confirmed shall be deducted from the eighty-two hundred fifty ($8,250.00) Dollars until said sum is consumed before the lands herein exempted from said assessments and taxes shall be liable for assessments for benefits for parkway or park purposes."

If the provision first quoted stood alone, it might perhaps be construed as applying only to assessments for the cost of acquiring the property. But the second provision shows clearly that such was not the intention. It contemplates assessments "for parkway or park *improvements;*" that they may be made "from time to time;" that whenever made they shall be deducted from the stipulated amount, and the designated lands shall not be liable for assessments "for parkway or park purposes" until such amount is exhausted. Bearing in mind that this was not an exemption in the sense in which that term is usually understood, but a substituted method of paying the purchase price of land acquired by the city, we are of the opinion that the stipulation includes, and was intended to include, such assessments as the present.

## HAAS CASE.

The second, or Haas case, involved substantially the same questions as the Rentz case and also additional questions not discussed in the brief per curiam filed.

As amended in 1906, section 1 of article 9 of the Constitution provides: "The power of taxation shall never. be surrendered, suspended or contracted away."

Although general taxes and special assessments differ in important particulars, both rest upon and are imposed under the taxing power; and, although laws relating to taxation frequently apply only to general taxes, the broad, all-comprehensive language of the above inhibition leaves no doubt that it was intended to prevent any impairment of the taxing power in any manner whatever.

The deed involved in the Haas case was executed after the above provision had been adopted, and the appellant contends that the contract embodied in the deed violates this constitutional provision and is void. If its effect is to surrender, suspend or contract away the power of taxation or any part thereof, the contention is well founded.

The provision in the deed, so far as here important, reads:

"In consideration of this conveyance, it is agreed by and between the party of the first part and the party of the second part  *  *  * that the lands of the said party of the first part described as follows *  *  *  shall be exempt from all special assessments for benefits tto be hereafter levied under and in pursuance of chapter thirty (30) and chapter one hundred and three (103) of the Special laws of Minnesota for 1889, until the amount of such exemption shall equal Five Hundred Dollars ($500). The amount of such exemption shall be determined as follows: Whenever special assessments shall be made under the provision of said acts, the assessors shall fix the amount to be assessed upon the land described last aforesaid, the same as if this agreement for an exemption did not exist, and the amount of such assessment as confirmed by the court shall be conclusive upon the parties hereto, but such assessment shall not be placed on the tax books for collection until the amount thereof exceeds the sum of Five Hundred ($500) Dollars, and then the excess only above said Five Hundred ($500) Dollars shall be placed on the tax books for collection."

The statutes authorizing such exemptions are construed as merely providing a substituted method for paying the purchase price of

property acquired for parks and parkways, and as restricting the amount of such exemption to the amount of that part of the purchase price remaining unpaid. State v. District Court, 83 Minn. 170, 86 N. W. 15; In re Improvement of Lake of Isles Park, 152 Minn. 29, 188 N. W. 54. In substance, the landowner agrees that the city shall retain the purchase price or a part of it and apply it upon assessments for specified purposes against specified property, and the city agrees to do so. It operates as a payment in advance of the specified sum upon the specified assessments. The practical result is that the city acquires the desired land without payment of the purchase price, and the landowner acquires the right to have his remaining lands relieved from the payment of assessments for the designated purposes until the aggregate amount thereof exceeds the amount agreed to be applied upon such assessments in consideration of the conveyance of the land.

Under the contract in question, the assessments are to be levied against the land retained by the owner the same as if the contract had not been made, and are to be satisfied out of the sum agreed upon as the consideration for the land conveyed until that sum is exhausted. This procedure is authorized by the statute and in our opinion is not prohibited by the Constitution.

It is conceded that the proceedings for levying the assessment were regular in all respects and that the assessment was duly confirmed. While Haas had no actual notice of the proceeding until after the assessment had been confirmed, that fact does not affect its validity or give any ground for attacking it, and he makes no such claim. The park board contends that the proceedings having been regular and the assessment duly confirmed, the validity of the assessments is res adjudicata and precludes Haas from maintaining this action. The contract provides that the assessment shall be made and confirmed in the usual manner and as so confirmed shall be conclusive upon the parties.

Haas does not question the assessment, nor the fact that it has been conclusively established, nor ask that it be changed in any respect. $3,405.26 is assessed against his property and he merely

asks that the amount of the so-called exemption be applied in part payment thereof as provided in the contract. This does not involve any question involved or determined in the assessment proceedings, and hence the claim was not barred by the confirmation of the assessment.

It is stipulated that the so-called exemption has not been deducted or credited, that the assessment list has been turned over to the county auditor, and that he has spread the assessment upon the tax rolls for collection and enforcement under the general tax laws in connection with the general real estate taxes upon the property. The statute provides that 10 per cent thereof shall be due and payable annually and shall be included in the taxes of each year until the whole sum is paid. It is urged that Haas cannot maintain an action in equity but must assert any defense he may have by interposing an answer in the regular tax proceedings. This would be true if such an answer afforded a plain and adequate remedy. Wall v. Borgen, 152 Minn. 106, 188 N. W. 159, and cases there cited. But, where interposing such an answer will not afford an adequate remedy, the landowner may proceed in equity. Minnesota L. O. Co. v. Palmer, 20 Minn. 424 (468); Sewall v. St. Paul, 20 Minn. 459 (511); Mayall v. St. Paul, 30 Minn. 294, 15 N. W. 170; Fairley v. Duluth, 150 Minn. 374, 185 N. W. 390, 32 A. L. R. 1258. The statute relating to such assessments as are here involved provides that in the general tax proceedings "no defense shall be allowed except upon the ground that the cost of the improvement is substantially less than the amount of the assessment, and then only to the extent of the difference between an assessment and the actual cost."[1] Haas neither has nor claims any such defense and in view of this statute we think he was justified in proceeding in equity, as any other remedy was at least uncertain.

It is stipulated that the instalments for the years 1922 and 1923 were included in the taxes for those years and were paid by Haas under protest to save his property from being sold for taxes. The claim that notwithstanding the protest these were voluntary pay-

[1]Laws 1911, p. 236, c. 185.]

ments under the established rule, although perhaps true, does not seem important, as he is not seeking to recover back any part of them. All that he asks and all that the court granted is that the amount to which he is entitled be credited upon the unpaid instalments. It was the duty of the park board to credit it upon the assessment, and the landowner ought not to suffer for their failure to do so at the proper time. Moreover, we do not understand that any point is made on the fact that Haas did not bring his suit until after he had paid the first two instalments, and there is no assignment of error directed to that question. In re Delinquent Real Estate Taxes, 155 Minn. 258, 193 N. W. 459, is somewhat along the same line although involving different questions.

We adhere to the conclusions reached in the former opinions in both cases and such opinions will be understood as modified and explained by this opinion on the rehearing.

Affirmed.